UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW ARTHUR BEVAN,

Plaintiff,

v. Case No.2:26-cv-2293-KCD-NPM

STATE ATTORNEY'S OFFICE
FOR THE TWENTIETH
JUDICIAL CIRCUIT

Defendant.
_________________________________/

# ORDER

Plaintiff Andrew Arthur Bevan initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Bevan is an inmate at the Charlotte County Jail, and he generally argues that he is innocent of the charges for which he was arrested. Because Bevan is a prisoner and the defendant is a government entity, the complaint is subject to statutory screening. *See* 28 U.S.C. § 1915A.

The Court has reviewed Buvan's complaint and, for the reasons explained below, concludes that dismissal without leave to amend is warranted.

## I. Screening Standard

Under 28 U.S.C. § 1915A(b), a district court must screen a prisoner's civil complaint and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. The procedure required by § 1915A is a screening process to be applied *sua sponte* and as early as possible in the litigation.

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "bare assertions" that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 679, 681. The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In short, plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citation.

## II. Complaint[2]

Bevan asserts that the State Attorney's Office is unlawfully prosecuting him for crimes alleged in case number 22-1969F (Twentieth Judicial Circuit Court) and case number 26-81-0 (Sarasota County). (Doc. 1 at 5.) He maintains that, two months before he was arrested, he was evicted from his home and was sleeping on a park bench. (*Id.*) On the morning of his arrest, he walked to a McDonald's to get a drink of water and to a UPS store to inquire about the cost of renting a mailbox. (*Id.*) When he left the UPS store, he was arrested, read his rights, and jailed at Charlotte County Jail. (*Id.* at 5-6.)

Bevan alleges that, according to the State Attorney's Office, his name and driver's license were used to send bombs through UPS to law enforcement officers in Venice, Florida. (Doc. 1 at 6.)[3] Yet Bevan does not own a car and has not been to Venice, Florida in five years. (*Id.*) Bevan posits "that this is the work of Ted Kaczynski, the Unabomber." (*Id.*) Bevan denies calling in a hoax bomb threat or planting or threatening to use a hoax bomb. (*Id.*) He believes that "this is an attack by the anti-capitalists on America as the Mangione case

---

[2] At this stage, the Court assumes the truth of Bevan's factual allegations. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (recognizing that in screening under 28 U.S.C. § 1915A(a), a complaint's "factual allegations must be accepted as true.").

[3] In case number 26-81-0, Plaintiff was charged with planting or threatening to use a hoax bomb at a UPS store on Venice Avenue in Sarasota County and false reporting of a bomb under Florida Statute §§ 790.165, 790.163. *See* https://courts.charlotteclerk.com/Benchmark/Home.aspx/Search (Bevan, Andrew, case number 26-81-0, "Affidavit of Probable Cause Sarasota County," entry 4).

in Manhattan had the name of 30 LEO's that he was going to assassinate besides Thompson of United Health Care." (*Id.*)

Bevan seeks declaratory relief, one dollar in damages, and court costs. (Doc. 1 at 6.) He also asks the court to "stop the vindictiveness and vengeance by the State Attorney's Office in continuing to prosecute Andrew Arthur Bevan." (*Id.* at 8.)

## III. Discussion

### A. The Court abstains from interfering in Bevan's state criminal prosecution.

Bevan's criminal prosecution for bomb-related offenses is ongoing. In *Younger v. Harris*, the Supreme Court held that federal courts should not interfere with pending state criminal proceedings unless doing so is necessary to prevent great and immediate irreparable injury. 401 U.S. 37, 53–54 (1971). The *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44. The *Younger* doctrine "applies most often in cases involving pending state criminal prosecutions." *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009). And in those cases, *Younger* calls for federal courts to abstain when: (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal

claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Bevan "must satisfy the *Younger* abstention hurdles" before this Court can grant relief. *Kolske v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977).

Bevan does not clear the *Younger* hurdles. First, he faces felony charges in Florida state court for the events at issue in this complaint. And Florida has a significant interest in prosecuting the crimes that occur within its borders. *See Patterson v. New York*, 432 U.S. 197, 201 (1977) ("It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government[.]"). Further, Bevan may raise any constitutional challenges and argue that he was not present in Venice, Florida at the time of the crime at his criminal trial and through appellate and postconviction proceedings. Finally, no *Younger* exception appears applicable here. Bevan does not argue that the charges were brought solely to harass him, that irreparable injury will occur if he must fight his charges in state court, or that he was charged under an unconstitutional statute. *See Younger*, 401 U.S at 48, 53–54 (explaining that bad faith prosecutions are brought with no intention of securing conviction or with intention to harass and explaining that irreparable injury exists if the statutes under which the plaintiff is being prosecuted are "flagrantly and patently violative of express constitutional

prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief). The Court therefore abstains from considering Bevan's claims.

*Younger* requires this Court to dismiss claims for injunctive relief and stay "claims for monetary relief that cannot be redressed in the state proceeding." *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015). Thus, Bevan's claims for injunctive relief are dismissed. And while *Younger* claims for monetary damages are generally stayed until the conclusion of state court proceedings (rather than dismissed), it is axiomatic that the claims must be worth staying, which these are not. As explained below, Bevan has not named defendants subject to suit for damages.

**B. The State Attorney's Office for the Twentieth Judicial Circuit is not a proper § 1983 defendant.**

Bevan names the State Attorney's Office for the Twentieth Judicial Circuit as the only defendant. To bring a viable § 1983 complaint, the defendant sued must be an entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Specifically, the defendant in a § 1983 action must be a "person." And state offices are not persons under § 1983. *See* 1 U.S.C. §1 (defining the word 'person' to include "corporations, companies, associations,

firms, partnerships, societies, and joint stock companies, as well as individuals," but not state offices); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Moreover, the Eleventh Amendment generally bars suits for damages by an individual against a state, its agencies, and its employees unless Congress has abrogated the state's sovereign immunity, or the state has consented to suit. *Schultz v. Alabama*, 42 F.4th 1298, 1314 (11th Cir. 2022). Congress has not abrogated the states' sovereign immunity in damages actions under § 1983. *Will*, 491 U.S. at 67–68 (1989). Because the State Attorney's Office is entitled to Eleventh Amendment immunity, Bevan's claims for damages against these defendants are dismissed instead of stayed. *See Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [and] it is no different from a suit against the State itself."); *Boling v. City of Longwood*, No. 6:21-cv-129, 2021 WL 7287614, at *5 (M.D. Fla. Dec. 20, 2021) (collecting cases for the proposition that claims against state attorney's office are barred by the Eleventh Amendment).

## IV. Conclusion

The Court abstains from considering Bevan's § 1983 claims, and all claims for injunctive relief are dismissed under *Younger*. In addition, Bevan's

§ 1983 claims for damages are dismissed for failure to state a claim on which relief may be granted. 18 U.S.C. § 1915A(b)(1), (2). The Court concludes that a more carefully drafted complaint could not overcome the deficiencies of this action and state a federal claim. Therefore, the dismissal is without leave to amend. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (explaining that a district court need not grant leave to amend if a more carefully drafted complaint could not state a claim and would be, therefore, futile).

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED without prejudice**. Bevan's claims for injunctive relief are **DISMISSED** under *Younger v. Harris*. Bevan's claims for damages are **DISMISSED** for failure to state a claim on which relief may be granted.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**ENTERED** in Fort Myers, Florida, on August 27, 2026.

Kyle C. Dudek
United States District Judge